(38 South. 454.)

No. 15,424.

## CONNER v. POZO.

(April 10, 1905.)

SECOND ACTION—DISMISSAL—FORMER COSTS UNPAID—LIS PENDENS — DIVORCE — EVIDENCE—WITNESSES—IMPEACHMENT — MISCONDUCT OF PLAINTIFF.

1. The evidence does not sustain the exception—the exception being that the costs of a former suit had not been paid—nor does the evidence sustain the exception of lis pendens. There was no other issue pending. The issues in the former suit were not similar, and were not pending when the exception was fixed, and did not sustain the plea of lis pendens.

On the Merits.

2. Plaintiff presented in the petition grounds enough for a divorce. They were substantially sustained by the testimony.

3. Witnesses whose characters were assailed, and whose veracity defendant sought to impeach, were sufficiently corroborated to enable plaintiff to prove his cause.

4. A witness may at one time or another have acted badly in a matter not immediately germane to the suit in which he is a witness, and yet his testimony may be considered as true.

5. Seven witnesses testified for plaintiff. Attempt was made by defendant to impeach the testimony of all of them on about the same lines, viz., subornation. The other bad conduct charged is charged in terms too general to set aside the testimony entirely.

6. The husband was not a witness, and there can be no question of his veracity. The fact that years ago, in another suit, he made a reckless oath, is not ground sufficient to deny him a divorce.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; William Byers Sommerville, Judge.

Action by James Harvey Conner against Felecia C. Pozo. Judgment for plaintiff, and defendant appeals. Affirmed.

Robert John Maloney, for appellant. Joseph Oscar Daspit, for appellee.

BREAUX, C. J. This is a suit for a divorce.

Plaintiff and defendant became husband and wife in the year 1886. The issue of the marriage consists of three children. The

oldest was 15 years of age at the date this suit was brought.

She (defendant) was charged in plaintiff's petition with acts which, if true, entitle him to a divorce.

There had been litigation before other courts, in which the parties respectively sought to obtain a divorce. The demands for divorce were rejected. The issues were brought up to this court. The judgment in one case, adverse to petition for divorce, was affirmed on appeal. Pozo, Wife, v. Connor, 107 La. 453, 31 South. 766.

Defendant pleaded that plaintiff's petition disclosed no cause of action, and that there was a suit pending between the parties, the costs of which had not been paid, and that it (this previous suit) sustained the plea of lis pendens pleaded.

As relates to the pleadings, the defendant answered, denying the charges brought against her by her husband. The exceptions were overruled. On the trial of the merits a number of witnesses were heard. This statement will suffice for the decision on the exception.

### Action of Court Overruling Exception.

With reference to costs referred to in our statement of facts above, the question is disposed of by the statement that the evidence does not disclose that there is a bill of costs unpaid. Moreover, the costs, if due, were incurred in another suit, which has been finally disposed of, and which is not connected with this suit.

True, "one can discontinue suit on paying costs and may bring the action provided he has paid costs." Code Prac. art. 492. And if not paid, it is ground for a dilatory exception. That is all.

Here no suit was discontinued, and the action is not brought anew, and therefore the question of costs, as pleaded, is not an issue which can be of any avail to the defendant, and can play no part.

With reference to the lis pendens asserted defendant's contention is substantially "that another suit is pending between the same parties for the same object, and growing out of the same cause of action, before another court of concurrent jurisdiction."

We have seen that the reason urged affords no ground to dismiss as relates to costs, and it is equally as ineffective as relates to lis pendens. The facts do not justify the plea.

There is no other suit pending between the parties, growing out of the same cause of action. We are not made aware by the record before us of the facts which led the court to dismiss these prior suits and reject the demands made. The record only discloses that suits were heretofore filed, and that they met with the fate just mentioned.

We are not to infer that the action of the courts in the cases heretofore decided was based on testimony similar to that which is before us in this suit. The petitions and judgments admitted in evidence, without other testimony, cannot have the effect which defendant would have us give to them. The issues do not fall within the grasp of the article of the Code of Practice above cited, and it in consequence only remains for us to hold that the exception was properly overruled.

### On the Merits.

We have not made a special summary of the facts, as we will consider them, in our opinion, in connection with the issues as they present themselves.

A number of witnesses have testified for plaintiff, and have related facts which lead to the inevitable conclusion that the allegations of plaintiff in his petition are sustained by the testimony—provided, of course, the witnesses testified to the truth. They testify to facts rendering it impossible, if

they are at all true, to infer that the defendant is innocent of the charges made.

From that point of view there is nothing left to remote or uncertain presumption.

The grounds of attack by defendant against the character of plaintiff's witnesses cannot fail to arrest attention and invite close consideration. Despite the seriousness of the attack, the court is not of the opinion that it affects all the witnesses to such an extent as to render all the testimony untrue.

After careful analysis, we are convinced that the weight of the testimony on points material and important to sustain the judgment is with the plaintiff.

One of the grounds of attack—the most serious—is that there was conspiracy formed between plaintiff and his witnesses in a former proceeding by rule (in another case for divorce, referred to above), not connected with this case, taken on the wife to show cause why she should not deliver possession of the children of her marriage with plaintiff. Some of these witnesses, also, it seems, testified in the case before us for decision.

We are informed that the judge of the court dismissed the rule, and ordered the children to remain in the custody and control of the wife.

We have before said the proof is not before us in these cases, and we are not informed of the reasons for the judgment. The failure of the plaintiff on this rule to obtain the custody of his children is of no material importance in deciding the case before us. That part of the proceedings in rule admitted in evidence in this case before us does not sustain the charge of conspiracy in the matter of the rule, and much less does it sustain the idea suggested that there was improper influence brought to bear on all the witnesses in the case before us for decision.

We infer that the testimony here is different from the testimony which was admitted some time since on the trial of the rule in another case. Defendant here has failed to prove improper attempts by plaintiff to induce witnesses to testify in his favor. Unquestionably there were witnesses who were not delicate or particular in their statements, nor in their conduct, to an extent that they can scarcely be believed. Some of them seemed to have lost all regard for all the proprieties of life. They were nevertheless witnesses. Their unconscionable acts or utterances prior to the suit did not prevent the court from hearing them. It remains even their testimony may be corroborative of other testimony admitted, which was not of the reprehensible kind.

If there was money used, as charged by defendant, to influence witnesses, it is not proven. The charge was general, and did not implicate any one. But even without taking into account the testimony of witnesses who may be morally lame and blind, there remains sufficient testimony to sustain the judgment.

If defendant kept company that should not have been kept by her, the plaintiff is not at fault for having cited these companions of defendant as witnesses. These witnesses were acquainted with defendant. They had been with her and testified against her. They were not the only witnesses.

One of the witnesses is referred to as a Turk, and again as a Spaniard, of the itinerant kind—a traveling dealer in merchandise. He may have testified to the truth.

A Mrs. B. also made statements as a witness. She was charged by defendant's witnesses with having committed acts that are wrong. They do not go to the extent of entirely discrediting her testimony. She may have been a busybody; her conduct not above reproach. Her testimony was none the less properly admitted.

The same, to some extent, may be said of Mrs. A., a servant.

These and other witnesses had their

homes at or near defendant's. They each testified to particular facts bearing upon the case. Despite the flat contradictions with which the testimony was met on some points by witnesses for defendant, there remains enough uncontradicted testimony. There was a consensus of the testimony as to particular facts which the court had to consider.

The testimony introduced to impeach did not have the effect of striking down the veracity of all the witnesses for plaintiff— seven in number. Defendant also directs her attacks against plaintiff personally. In 1901 he sued for a divorce in Illinois. He alleged in his petition that his residence dated back 21 years from the date that his petition was filed. He sought to sustain his petition by his affidavit. If he was untruthful in this statement, as charged, he has exaggerated to no purpose, for it does not require 21 years' residence to obtain a divorce in Illinois.

Although this plaintiff may have sworn falsely in Illinois in 1901, he may be heard as a plaintiff for a divorce here at this time. He did not testify in this case. His testimony is not at issue. If since 1901 his conduct has not been reprehensible as a husband, he certainly can stand in judgment for a divorce.

We have only one course to follow. The law's provision is plain. The testimony leads to the one conclusion. It only remains for us to affirm the judgment.

For reasons assigned, the judgment is affirmed.